UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00040-KDB-SCR

| | |
|---|---|
| SHIRLEY R. HARDIN,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MCLAURIN; ARTHUR JACKSON; and<br>ANSON COUNTY BOARD OF EDUCATION,<br><br>Defendants. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss ("the Motions") (Doc. Nos. 8 & 15), and the parties' briefs and exhibits. (Doc. Nos. 9, 9-1, 9-2, 10, 13, & 16).

The Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

For the reasons set forth below, the undersigned respectfully recommends that the Motions be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In a Complaint filed January 21, 2025, pro se Plaintiff Shirley R. Hardin ("Plaintiff") brought claims against Anson County Board of Education (the "Board")[1], Arthur Jackson ("Jackson"), and Joshua McLaurin ("McLaurin") (together, "Defendants") alleging: (1)

---

[1] Plaintiff's Complaint lists "Anson Middle School" as her place of employment rather than as a Defendant. (Doc. No. 1 at 1-2). However, "Plaintiff is proceeding pro se, which requires the Court to liberally construe the pleadings." Speaks v. Health Sys. Mgmt., Inc., No. 522CV00077KDBDCK, 2022 WL 3448649, at *2 (W.D.N.C. Aug. 17, 2022). Defendant Board also has fully participated in the proceeding.

discrimination on the basis of race, color, and sex in violation of Title VII of the Civil Rights Act, (2) hostile work environment, (3) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (4) disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"), (5) violation of the North Carolina Equal Employment Practices Act ("NCEEPA"), and (6) retaliation. (Doc. No. 1 at 3-4, 7-8). Accepting the facts in Plaintiff's Complaint[2] as true for the purposes of reviewing the Motions, Plaintiff was employed through a contract as a Science Teacher at Anson Middle School. Id. at 3, 7 ¶ 10. Plaintiff further alleges that:

- She "was placed on permanent disability and had this status approved by Anson Middle School." Id. at 7 ¶ 9.

- "Despite her qualifications and status, Plaintiff was subjected to age discrimination, sex discrimination, hostility in the workplace, and termination of her employment resulting in the loss of her contract as a Science Teacher" as well as "[h]ealth [i]nsurance, and policies to include life, long term, [and] medical." Id. at 7 ¶ 10.

- Defendants' actions "created a hostile work environment" including "making disparaging remarks about Plaintiff's abilities," "[f]ailing to accommodate Plaintiff's medical needs despite knowledge of her disabilities," and "[t]reating Plaintiff differently compared to younger, non-disabled, and male colleagues." Id. at 7 ¶ 11.

---

[2] Plaintiff's Complaint appears to lack a page because Plaintiff includes a word document with her pro se complaint form that begins with paragraph nine. (Doc. No. 1 at 7). Defendants noted this issue in its briefing. (Doc. No. 9). However, Plaintiff did not address this issue in her response.

In support of her claims, Plaintiff also points to Defendants' conduct in "[m]oving . . . almost every year which also changed the curriculum," "allow[ing] other employees to use harsh words [and] treatments," "[a]ccomplishments were not acknowledged," requiring her to "[c]over[] classes more than other employees," and "[n]ot giv[ing] any incentive for assistant coach of basketball", "[d]iscrepencies [sic] concerning EOG scores [and] reporting there of [sic]" and "[u]nnecessary meetings not pertaining to grade levels." Id.

On February 28, 2025, the Board filed its Motion to Dismiss Plaintiff's claims (the "Board's Motion"). (Doc. No. 8). Plaintiff filed a short response to the Board's Motion on March 6, 2025. (Doc. No. 10). By separate letter, Plaintiff asked the Court to correct the name of the Defendant from "Anson Middle School" to "Anson County Board of Education," which the Court allowed. (Doc. No. 11 & Text-Only Order March 13, 2025).

On March 20, 2025, Defendants Jackson and McLaurin filed a motion to dismiss the claims against them. (Doc. No. 15). When Plaintiff did not respond, this Court entered a Roseboro notice on May 6, 2025, requiring Plaintiff to respond within 21 days of the Order and advising Plaintiff that "failure to respond may result in Defendants being granted the relief Defendants seek—that is, dismissal of the Complaint." (Doc. No. 17). Plaintiff did not submit a response and has made no other filings in her case.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. Id. at 678-79. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 679; see also Anand v. Ocwen Loan Serv., LLC, 754 F.3d 195, 198 (4th Cir. 2014) (recognizing the court does not accept as true legal conclusions couched as a factual allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Although the pleading requirements stated in Rule 8 of the Federal Rules of Civil Procedure marks "a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court assumes their truth and then determines whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief[,]'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is "mindful of the latitude extended to the pleadings of pro se litigants[,]" and construes Plaintiff's pleadings liberally. See Carriker v. Carriker, No. 3:22-CV-00448-DSC, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, courts are not required to act as an advocate for a pro se plaintiff. Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978)). Moreover, the Court may not consider new claims or factual allegations made outside of Plaintiff's Complaint. McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 U.S. Dist. LEXIS 62062, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Where "it is clear that no relief could be granted under any set of facts that could be prove[n] consistent with the allegations . . . a claim must be dismissed." Id. at 327 (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### B. Plaintiff's Lack of Response

As an initial matter, Plaintiff filed a short response to Defendant Board's Motion to Dismiss. Plaintiff does not address many of Defendant Board's arguments. Plaintiff, however, makes some attempt to address the ADA claims, including reasonable accommodation, as well as wrongful termination. (Doc. No. 10). As to Defendants McLaurin and Jackson, Plaintiff failed to file a response even after receiving a notice from the Court advising her that failure to respond may result in Defendants being granted the relief Defendants seek, which is dismissal of the Complaint. (Doc. No. 17).

"The Fourth Circuit has made clear that a party waives an argument . . . by failing to develop its argument—even if its brief takes a passing shot at the issue." Bigelow Corp. v. Hounds Town USA, LLC, No. 323CV00134-FDW-SCR, 2023 WL 4939386, at *3 (W.D.N.C. Aug. 2, 2023) (quoting Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017)). Accordingly, in Bigelow Corp., the Court treated defendant's motion as uncontested. Id. (citing City of Brevard v. CDM Smith, Inc., No. 1:20-cv-160-MR-WCM, 2021 WL 1015858, at *6 (W.D.N.C. Feb. 2, 2021)) (collecting cases holding that when a plaintiff's failure to respond to a motion to dismiss argument, courts may assume they concede the merits of that argument). "However, even where a motion to dismiss goes unchallenged, 'the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.'" Id. at *4 (quoting Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014)). Accordingly, the undersigned addresses Defendants' arguments in turn.

### C. Claims Barred for Failure to Exhaust Administrative Remedies

It is well settled that before filing suit against an employer for violations of Title VII, ADEA, or the ADA, a plaintiff must exhaust her administrative remedies first by filing a charge of discrimination with the EEOC. See Walton v. Harker, 33 F.4th 165, 172 (4th Cir. 2022) ("It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC."); Smith v. Lowes Cos. Inc., No. 3:21-cv-00034-RJC-SCR, 2023 WL 5610181, at *2 (W.D.N.C. Aug. 30, 2023) ("Before a plaintiff may assert claims under the ADA or Title VII in federal court, he must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.").

When a plaintiff brings a charge with the EEOC, the charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Chacko v.

Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quotation omitted); see also Miles v. Dell, Inc., 429 F.3d 480, 491-92 (4th Cir. 2005). This requirement provides the employer notice of its employee's claims and an opportunity to resolve those claims out of court, if possible. Miles, 429 F.3d at 492. So long as "a plaintiff's claims in [the] judicial complaint are reasonably related to [the] EEOC charge and can be expected to follow from a reasonable administrative investigation," the plaintiff "may advance such claims in [the] subsequent civil suit." Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 594 (4th Cir. 2012) (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)). In other words, plaintiffs cannot allege one type of discrimination in an EEOC charge, but later assert other types of discrimination in formal litigation. Smith, 202 F.3d at 247. "[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Chacko, 429 F.3d at 506.

Here, Plaintiff states that the EEOC issued a Notice of Right to Sue letter, which she received on October 21, 2024. (Doc. No. 1 at 5). Plaintiff did not attach a copy, but Defendants included a copy of the Charge of Discrimination along with the Notice of Right to Sue letter.[3] (Doc. No. 9-2). Plaintiff's Charge lists discrimination based on age, color, disability, other, retaliation, and sex. Id. at 2. Plaintiff describes herself as an individual with disabilities and she has been "discriminated and retaliated against based on [her] age (40 years of age or older), race (Black), and disability in violation of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990. . . ." Id. Plaintiff indicates in the EEOC

---

[3] In its review of a Rule 12(b)(6) motion to dismiss, this Court "may consider documents attached to the complaint… as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic" without converting the motion into a motion for summary judgment. Sec'y of State for Defense v. Trimble Nav. Ltd., 484 F.3d 700, 705 (4th Cir. 2007). The EEOC Charge is integral to the complaint because both the Charge and the Notice of the Right to Sue Letter are referenced in Plaintiff's Complaint.

Charge that she "informed [her] supervisor of the retaliatory behavior that [she] was being subjected to." Id. Plaintiff also includes the following information as to what she thinks was discriminatory:

> I listed the incidents on line [sic], Evaluations, Leadership, blackball. . . changing curriculum every year. . . The only teacher that was told to loop and on the 3rd year I did not loop. EOG scores and data with held [sic] for 3 years, PTOE. No Comp time for being a girls basketball assistant coach. Fired while approved a week before by Human Resource [sic]. . . No communication whatsoever.

Id. at 5.

Defendant Board submits Plaintiff's vague EEOC Charge failed to put Defendant Board on notice of any alleged wrongful conduct and, therefore, Plaintiff has failed to exhaust her administrative remedies. (Doc. No. 9 at 6-7). As previously noted, Plaintiff fails to address this issue, in which case the Court may treat this issue as uncontested. In any event, the undersigned tends to agree with Defendant Board that the EEOC Charge lacks specificity and would not have given Defendants notice of Plaintiff's claims or an opportunity to resolve her claims outside of court. See Betourney v. GKN Driveline Newton, LLC, No. 5:17-CV-00221-KDB-DSC, 2019 WL 2881558, at *4 (W.D.N.C. July 1, 2019) ("EEOC charges that are conclusory, lack specificity and do not give the EEOC (or the employer) a description of the allegedly wrongful conduct may be insufficient to exhaust administrative remedies.") (citations omitted). Even assuming that Plaintiff had exhaustive administrative remedies, Plaintiff's various claims still fail for the reasons stated below.

### D. Claims against Individuals

Given that Plaintiff failed to respond to the Motion to Dismiss filed by Defendants McLaurin and Jackson (Doc. No. 15), the undersigned finds dismissal on this basis alone would be proper. Aside from this, Plaintiff's claims against individual Defendants McLaurin and Jackson fail because Title VII, ADEA, ADA, and NCEEPA do not permit such an action. See Lissau v. S.

Food Svc., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that the plaintiff's supervisor, who plaintiff alleged was an "agent" of the employer, was not liable because an "analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations"); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants . . . for conduct protected by the ADA."); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (same result for ADEA); Iglesias v. Wolford, 667 F. Supp. 2d 573, 590 (E.D.N.C. 2009), aff'd, 400 F. App'x 793 (4th Cir. 2010) ("Under North Carolina law, a plaintiff may only bring a wrongful-discharge action against the plaintiff's employer, not against the employer's agents." (citations omitted)).

For these reasons, the undersigned respectfully recommends that the Motion to Dismiss filed by Defendants McLaurin and Jackson (Doc. No. 15) be granted.

### E. Title VII Claims based on Race, Color, and Sex Discrimination

Under Title VII it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Defendant Board seeks to dismiss Plaintiff's claims under Title VII based on race, color, and sex discrimination. (Doc. No. 9 at 10-11). Plaintiff did not address these claims in her response, and, therefore, the Defendant Board's Motion is uncontested and dismissal of the claims are appropriate. At the same time, the Court has undertaken a review of the claims and agrees that such claims should be dismissed. Plaintiff's Complaint is devoid of any facts that support Title

VII discrimination claims based on race, color, or sex, even with the most liberal reading of pro se Plaintiff's Complaint. (Doc. No. 1). Plaintiff makes conclusory statements like the following: "Defendant discriminated against Plaintiff on the basis of her sex", "Plaintiff was subject to sex discrimination", and Defendant treated Plaintiff differently compared to male colleagues, and references "termination of her employment" and "loss of her contract as a Science Teacher." (Doc. No. 1 at 7-8). Other than checking boxes labeled "race" and "color" as the discriminatory conduct, Plaintiff includes no other factual allegations to support these claims. Id. at 4, 7-8.

Considering all of this, Plaintiff has failed to state claims for Title VII violations based on race, color, and sex. Swaso v. Onslow Cnty. Bd. of Educ., 698 Fed. App'x 745, 747 (4th Cir. 2017) (enumerating elements of race discrimination); Felder v. MGM Nat'l Harbor, LLC, No. 20-2373, 2022 WL 2871905, at *1 (4th Cir. July 21, 2022) (addressing race, color, and sex discrimination pleading requirements); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 & n.5 (4th Cir. 2002); Hunter v. Amazon.com Servs., LLC, No. 3:21-CV-00258-FDW-DSC, 2021 WL 5291912, at *2 (W.D.N.C. Nov. 12, 2021) (dismissing a pro se plaintiff's sex discrimination claim when none of the alleged events, on their own or together, permit a reasonable inference of "a general pattern of [sex] discrimination in the practices of a defendant" such as would allow the court to "infer discriminatory intent.") (citing Woods v. City of Greensboro, 855 F.3d 639, 649 (4th Cir. 2017)). Accordingly, the undersigned respectfully recommends the Motion filed by Defendant Board be granted as to Plaintiff's Title VII claims for discrimination based on race, color, and sex.

   F. **ADEA Claim**

Under the ADEA, it is "unlawful for an employer. . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges

of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Defendant Board seeks to dismiss Plaintiff's ADEA claim because the Complaint lacks any factual allegations to support such a claim. (Doc. No. 9 at 12-13). Plaintiff did not address Defendant's Motion as to this claim in her response. (Doc. No. 10). As a result, the Defendant's Motion is uncontested and dismissal of the claims are appropriate. Nonetheless, the undersigned has reviewed Plaintiff's Complaint, and concludes there are insufficient factual allegations to state an ADEA claim.

At this stage, a plaintiff must plead facts that support: (1) she is in a protected class in that she was at least 40 years-old; (2) she suffered an adverse employment action, such as termination; (3) she performed her job duties at a satisfactory level that met the employer's legitimate expectations at the time of the adverse employment action; and (4) the employer treated similarly situated employees outside of the protected class differently. See Dugan v. Albemarle Cnty. Sch. Bd., 293 F.3d 716, 720-21 (4th Cir. 2002); Coleman v. Md. Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010); Loose v. CSRA Inc., No. 19-2394, 2021 U.S. App. LEXIS 29405, at *4-5 (4th Cir. Sept. 29, 2021). See also Tickles v. Johnson, 805 F. App'x 204, 207 (4th Cir. 2020) (discussing the pleading requirements for an ADEA claim to survive a Rule 12(b)(6) motion to dismiss).

Regarding her ADEA claim, Plaintiff alleges that she is in a protected class because she is over 40 and that she was subjected to "age discrimination" and "termination of her employment" and "the loss of her contract as a Science Teacher." (Doc. No. 1 at 4, 7 ¶¶ 10, 12, 16). She further alleges that she was "replaced by a younger employee, that is not highly qualified." Id. at 7 ¶ 16. However, Plaintiff's Complaint otherwise lacks any factual allegations that support an ADEA claim.

For these reasons, the undersigned finds that Plaintiff has failed to state an ADEA claim, and respectfully recommends that Defendant Board's Motion be granted. See Krings v. AVL Techs., No. 1:21-CV-150-MR-WCM, 2022 WL 17548586, at *3 (W.D.N.C. Sept. 16, 2022) (dismissing pro

se plaintiff's ADEA claim because he merely alleged that he was terminated and a younger employee was hired), mem. and recommendation adopted, No. 1:21-CV-00150-MRWCM, 2022 WL 16571314 (W.D.N.C. Oct. 31, 2022); Tickles, 805 F. App'x at 208 (affirming dismissal of ADEA claim due to plaintiff's allegations being "too conclusory and factually unadorned to give rise to a reasonable inference" of discrimination, and "[w]ithout such details, [the court was] left with mere speculation.").

### G. ADA Claim

Defendant Board seeks to dismiss Plaintiff's disability discrimination and failure to accommodate claims because Plaintiff has provided only conclusory statements in her Complaint. (Doc. No. 9 at 11-12). Plaintiff addresses this issue in her response, and attempts to interject new factual allegations that are not properly before this Court because they are not included in an Amended Complaint. (Doc. No. 10).[4]

"To state a claim under the ADA, a plaintiff must allege that she is 'disabled within the meaning of the ADA.'" Cole v. Bojangles Rests., Inc., No. 3:24-CV-00409-KDB-DCK, 2024 WL 5011626, at *3 (W.D.N.C. Dec. 5, 2024) (citing Wicomico Nursing Home v. Padilla, 910 F.3d 739, 751 (4th Cir. 2018)). A disability under the ADA is defined as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." Id. (citing Wicomico Nursing Home, 910 F.3d at 751 and quoting 42 U.S.C. § 12102(1)). "A plaintiff is disabled if he can show '(1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial.'" Id. (citing Wicomico Nursing Home, 910 F.3d at 751

---

[4] The Court had previously instructed pro se Plaintiff that new allegations by letter are insufficient and that if she seeks to substantively amend the Complaint, Plaintiff must follow the Federal Rules of Civil Procedures, this Court's Local Rules, and the Standing Order of Instructions Regarding Pro Se Litigants in Civil Actions. (Text-Only Order, March 13, 2025). Plaintiff never sought to amend the Complaint following that Order.

and quoting Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006)); Scherck v. Johns Hopkins Univ. Applied Physics Lab'y LLC, No. CV ADC-23-1605, 2023 WL 6311469, at *6 (D. Md. Sept. 28, 2023) (outlining elements of a failure to accommodate claim under the ADA).

Plaintiff indicates in her Complaint that she has a "permanent disability," but fails to provide any information as to whether she has a qualified disability within the meaning of the ADA. See Cole v. Bojangles Rests., Inc., No. 3:24-CV-00409-KDB-DCK, 2024 WL 5011626, at *2-3 (W.D.N.C. Dec. 5, 2024) (dismissing a pro se plaintiff's ADA claim because she did not include any allegations regarding her disabilities nor did she explain how her disabilities significantly impacted her life activities); Lineberger v. University of N.C. Sys., No. 3:23-CV-00284-RJC-SCR, 2024 U.S. Dist. LEXIS 186782, at *9-11 (W.D.N.C. Sept. 5, 2024) (same), mem. and recommendation adopted, 2024 U.S. Dist. LEXIS 177793 (W.D.N.C. Sept. 30, 2024).

As a result, the undersigned respectfully recommends that Defendant Board's Motion be granted and that Plaintiff's disability discrimination and failure to accommodate claims be dismissed.

### H. Hostile Work Environment Claim

Defendant Board seeks to dismiss Plaintiff's hostile work environment claim because the Complaint lacks allegations related to severe and pervasive conduct. (Doc. No. 9 at 13-14). Plaintiff did not address this claim in her response, and therefore, the Court may treat Defendant's Motion as uncontested. (Doc. No. 10). But, the undersigned also concludes that Plaintiff has failed to state a hostile work environment claim.

To start, it is difficult to discern the basis of the hostile work environment claim. Plaintiff references "hostility in the workplace" and that "Defendant's actions created a hostile work environment" by "[m]aking disparaging remarks about Plaintiff's abilities" and "[f]ailing to accommodate" and "[t]reating Plaintiff differently." (Doc. No. 1 at 7 ¶¶ 10-11). Plaintiff goes on

to state in a conclusory fashion that "Defendant created and perpetuated a hostile work environment through discriminatory practices, harassment, and retaliatory actions." Id. at 8 ¶ 20.

Based on this, the undersigned agrees with Defendant that Plaintiff has not pled facts sufficient to plausibly state a claim for hostile work environment, much less that the treatment was severe or pervasive. See Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) (stating the elements for a hostile work environment claim); see also Okoli v. City of Balt., 648 F.3d 216, 220 (4th Cir. 2011); Rodriguez v. Wells Fargo Bank, N.A., No. 3:21-CV-248-MOC, 2023 WL 5493593, at *5 (W.D.N.C. Aug. 24, 2023) (noting that for the severe or pervasive element, there must be more than rude treatment, callous behavior, or a personality conflict with one's supervisor); Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (affirming dismissal of plaintiff's hostile work environment claim); Jones v. Henderson Properties, Inc., No. 3:23-CV-00744-FDW-SCR, 2024 WL 2820369, at *5 (W.D.N.C. June 3, 2024) (dismissing a hostile work environment claim when plaintiff's allegations consisted of "typical workplace functions," which were insufficient). Accordingly, the undersigned respectfully recommends that Defendant Board's Motion be granted and that Plaintiff's hostile work environment claim be dismissed.

## I. Retaliation Claim

Defendant Board moves to dismiss Plaintiff's "retaliation" claim. (Doc. No. 9 at 14-15). Once again, Plaintiff did not respond to Defendant's Motion in this regard, and the Court may treat Defendant's Motion as uncontested. (Doc. No. 10). Even so, the undersigned agrees with Defendant that Plaintiff has failed to state a retaliation claim. Aside from Plaintiff checking the box "Retaliation" and alleging that the Board committed "retaliatory actions," Plaintiff fails to pled sufficient facts in support of her retaliation claim. (Doc. No. 1 at 4, 8 ¶ 20). Plaintiff also has

not identified any protected activity in which she was engaged. Id.; Coleman, 626 F.3d at 191 (affirming dismissal of a retaliation claim where plaintiff did not plead facts regarding any protected activity). Considering this, the undersigned recommends that Defendant Board's Motion be granted and that Plaintiff's retaliation claim be dismissed.

### J. NCEEPA Claims

Defendant also seeks to dismiss Plaintiff's claims under NCEEPA, N.C. Gen. Stat. § 143-422.2. (Doc. No. 9 at 15). In her response, Plaintiff partially alludes to her "wrongful termination" case. (Doc. No. 10 at 1).

Under the NCEEPA, "[i]t is the public policy of [North Carolina] to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of. . . age. . . by employers which regularly employ 15 or more employees." N.C. Gen. Stat. § 143-422.2. Defendant correctly points out that the NCEEPA does not provide a private right of action for claims such as retaliation or hostile work environment. See Gelin v. N-Able Techs., Inc., No. 5:22-CV-345-FL, 2023 WL 3079420, at *5 (E.D.N.C. Apr. 25, 2023); Creech v. City of Wilson, No. 5:19-CV-70-FL, 2019 WL 3720744, at *2 (E.D.N.C. Aug. 7, 2019); Onwe v. Waste Indus., Inc., No. 5:15-CV-611-D, 2016 WL 6330387, at *2 (E.D.N.C. Oct. 26, 2016). So, to the extent Plaintiff attempts to plead such claims under N.C. Gen. Stat. § 143-422.2, these claims fail.

Further, Plaintiff's Complaint references "loss of her contract as a Science Teacher." (Doc. No. 1 at 7 ¶ 10). Plaintiff's claim must be dismissed because a wrongful discharge claim is not recognized where an employee is hired under a contract. See Feldman v. Charlotte-Mecklenburg Bd. of Educ., No. 3:11CV34-RJC-DSC, 2011 WL 4748283, at *9 (W.D.N.C. May 12, 2011), mem. and recommendation adopted, No. 3:11-CV-34-RJC-DSC, 2011 WL 4748279 (W.D.N.C. Oct. 7,

2011) ("North Carolina law does not recognize a claim for wrongful discharge where an employee is hired under a contract.").

For these reasons, the undersigned recommends that Defendant Board's Motion be granted and that Plaintiff's claim under the NCEEPA be dismissed.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Motions filed by Defendant Board (Doc No. 8) and by Defendants McLaurin and Jackson (Doc. No. 15) be **GRANTED**, and that Plaintiff's claims be dismissed.

## IV. TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff Shirley R. Hardin, the parties' counsel, and to the Honorable Kenneth D. Bell.

Signed: September 4, 2025

**SO RECOMMENDED.**

Susan C. Rodriguez
United States Magistrate Judge